UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE FELIPE FERNANDEZ VIDAL,

Petitioner,

v. Case No.: 2:26-cv-02594-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents,

______________________________________/

**OPINION AND ORDER**

Before the Court is Jose Felipe Fernandez Vidal's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Fernandez Vidal is a native and citizen of Cuba who lawfully entered the United States through the CBP One program on July 20, 2023. The Department of Homeland Security commenced removal proceedings against Fernandez Vidal upon entry, but an immigration judge dismissed the removal case on September 29, 2023, because Fernandez Vidal is prima facie eligible for adjustment of status under the Cuban Adjustment Act. On June 15, 2026, local police arrested Fernandez Vidal for driving with a suspended license, and Immigration and Customs Enforcement (ICE) issued an immigration detainer. Fernandez Vidal has no criminal history other than traffic infractions.

ICE took custody of Fernandez Vidal on June 19, 2026. He is currently detained at Glades County Detention Center without the opportunity to seek release on bond. The government did not commence new removal proceedings until June 21, 2026, when it issued and served a notice to appear.

In his habeas petition, Fernandez Vidal claims his detention without a bond hearing violates the Fifth Amendment. In response, the government certifies it is detaining Fernandez Vidal under 8 U.S.C. § 1225(b)(2), which requires the government to detain applicants for admission to the United States who are seeking admission and not clearly and beyond a doubt entitled to be admitted. As the government acknowledges, its position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026). But Fernandez Vidal's arrest and detention was not lawful under § 1226 either because the government did not afford Fernandez Vidal due process.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including

aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The Court finds a clear Fifth Amendment violation here because the government did not afford Fernandez Vidal the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added). A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

The government violated Fernandez Vidal's right to due process by arresting and detaining him before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025). Even if the government lawfully detained Fernandez Vidal under § 1226(a), it violated his right to due process by denying him a bond hearing. *See Hernandez Alvarez*, 175 F.4th at 1276.

Accordingly, it is hereby **ORDERED**:

Jose Felipe Fernandez Vidal's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Fernandez Vidal within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 7, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record